(No. 1878—

THE YELTON-WEAVER SUPPLY COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1934.*

THE YELTON-WEAVER SUPPLY COMPANY, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant is a wholesaler of plumbing and heating supplies, engaged in business at Springfield, Illinois. On May 26, 1931, claimant shipped to the St. Charles School for Boys, St. Charles, Illinois, certain radiation for that institution, of the value of Thirteen Hundred Thirty-two Dollars and Ninety-eight Cents ($1,332.98). The terms of sale were five per cent (5%) discount for payment within fifteen (15) days from the date of shipment, or thirty (30) days net. One section was broken in transit and on June 9, 1931, the manager of the St. Charles School advised claimant thereof and asked for a credit memorandum on account thereof, and stated that he wished to take advantage of the five per cent (5%) discount. On June 10, 1931, claimant acknowledged receipt of the letter of June 9th and asked for further information in order that it might ship a replacing section. The necessary information was forwarded on June 15, 1931, and a replacing section was shipped by the claimant on June 19, 1931. On July 13, 1931, the St. Charles School for Boys issued its voucher authorizing payment to claimant of the sum of Twelve Hundred Sixty-six Dollars and Thirty-three Cents ($1,266.33), being the amount

of the invoice in question, less five per cent (5%) discount. A warrant was issued by the State on such voucher on August 7, same was mailed to claimant on August 8, and received by it on August 10, 1931.

Claimant now asks for the sum of Sixty-six Dollars and Sixty-five Cents ($66.65), being the amount of discount deducted by the State upon the ground that payment was not made within fifteen (15) days after the date of shipment, and that consequently the State was not entitled to deduct the amount of such discount.

There is no dispute as to the facts and inasmuch as payment was not made by the State within the time required by the contract, we are of the opinion that the State was not authorized to make a deduction of five per cent (5%) discount, and that the claimant is entitled to the amount deducted by the State on that account.

It is THEREFORE ORDERED that an award be entered in favor of the claimant for the sum of Sixty-six Dollars and Sixty-five Cents ($66.65).